**FLINT HILLS RESOURCES ALASKA, LLC, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION and United States of America, Respondents**

Chevron Corporation, et al., Intervenors.

Nos. 06–1361, 07–1034, 07–1421, 09–1160, 09–1166, 09–1170.

United States Court of Appeals, District of Columbia Circuit.

Oct. 27, 2010.

Before: BROWN, Circuit Judge, and EDWARDS and WILLIAMS, Senior Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the Federal Energy Regulatory Commission and on the briefs and arguments by counsel. It is

**ORDERED** that the petitions challenging the Federal Energy Regulatory Commission orders be denied.

Appellants challenge several orders of the Federal Energy Regulation Commission ("FERC") approving tariff sheets for the Trans Atlantic Pipeline System ("TAPS"). We review FERC's orders to determine whether they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2006); *BP West Coast Prod., LLC v. FERC,* 374 F.3d 1263, 1282 (D.C.Cir.2004). They are not.

On July 3, 2006, the TAPS carriers filed tariff sheets, which FERC ultimately approved in the orders at issue here. *See BP Pipelines (Alaska) Inc.,* 116 FERC ¶ 61,208 (Sept. 1, 2006) (accepting tariff sheets); *BP Pipelines (Alaska) Inc.,* 118 FERC ¶ 61,056 (Jan. 26, 2007) (denying rehearing); *BP Pipelines (Alaska) Inc.,* 124 FERC ¶ 61,153 (Aug. 8, 2008) (grant-

ing rehearing); *BP Pipelines (Alaska) Inc.*, 127 FERC ¶ 61,039 (Apr. 14, 2009) (order on rehearing). The tariff sheets include a two-step provision accounting for escalating processing costs due to inflation for both Resid and Heavy Distillate cuts. Step one converts 1996 costs into year 2000 costs by multiplying 1996 processing costs by an inflation ratio, computed by dividing the published monthly cost indexes (known as "Nelson Farrar Indexes") for 2000 by those for 1996.[1] Step two then adjusts for inflation in each subsequent year. The inflation ratio for step two divides Nelson Farrar Indexes between August and September of the preceding year to project inflation in the year to come. For example, the inflation ratio for the year 2002 would contain Nelson Farrar Indexes from August, 2000 to September, 2001 in its numerator and Nelson Farrar Indexes from August, 1999 to September, 2000 in its denominator.

■ Appellants primarily argue FERC's acceptance of the two-step inflation method is arbitrary and capricious because it counts inflation during the year 2000 twice. We are not persuaded. It is true both step one and step two use Nelson Farrar Indexes from the year 2000. The first step computes inflation through the year 2000 by dividing Nelson Farrar Indexes from 2000 by those from 1996. The second step then uses Nelson Farrar Indexes from January, 2000 to August, 2000 in computing inflation for the year

2001,[2] and Nelson Farrar Indexes from September, 2000 to December, 2001 in computing inflation for the year 2002.[3] The putative "double counting" is just two separate independent uses of the same data, not multiple charges for the cost of inflation.

In their brief, appellants objected to the use of a different method to calculate processing costs for Resid and Heavy Distillate from that used for Light Distillate. The differences in tariffs for Light Distillate under the two methods are insignificant because processing costs for Light Distillate are very low. 127 FERC ¶ 61,039, at 15, 20. But even if it were the case that the discrepancy between the method used for Resid and Heavy Distillate and that used for Light Distillate were impermissible, the proper remedy would be to recalculate processing costs for Light Distillate using the method used to calculate Resid and Heavy Distillate. Appellants do not dispute that the latter more accurately reflects historical processing costs. Yet appellants abjure that remedy. *See* Oral Arg. Recording 4:24–4:58.

■ Appellants also argue that the second step of the inflation adjustment was never intended to forecast inflation; they further suggested in oral argument that FERC improperly shifted from a method based on nonpredictive use of historical data (i.e., using in any given year the processing costs of the prior year) to a

---

1. At the administrative proceeding stage, the parties presented competing data on processing cost adjustments. The data differed in terms of the year in which it stated the costs. In Order No. 481, FERC adopted processing cost adjustments presented in terms of 1996 dollars, but selected year 2000 as the appropriate base year. *Trans Alaska Pipeline Sys.*, 113 FERC ¶ 61,062 (2005), *order on reh'g*, 114 FERC ¶ 61,323 (2006), *order on reh'g*, 115 FERC ¶ 61,287 (2006); *see Petro Star Inc. v. FERC*, 268 Fed.Appx. 7 (D.C.Cir.2008) (affirming Opinion No. 481).

2. The inflation ratio for 2001 is computed by dividing the Nelson Farrar Indexes between September, 1999 and August, 2000 by those between September, 1998 and August, 1999.

3. The inflation ratio for 2002 is computed by dividing the Nelson Farrar Indexes between September, 2000 and August, 2001 by those between September, 1999 and August, 2000.

predictive method (i.e., estimating the likely processing costs in any given year on the basis of prior data). *See* Oral Arg. Recording 8:07–8:54 (acknowledgment by petitioners' counsel). Insofar as this argument was not waived, we are not persuaded that there is anything untoward in using inflation in the past year as a proxy for inflation in the present year. Because there is a lag between when processing costs are incurred and when inflation data for that exact time period becomes available, it is not possible for tariffs to incorporate current prices on a real-time basis. Under these circumstances, FERC's use of a prior year's inflation data as a proxy for current inflation is not arbitrary or capricious.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).